TALBOT (BEARD v.). See Case No. 1,182.

TALBOT (BOWIE v.) See Case No. 1,732.

TALBOT (DARNALL v.). See Case No. 3,578.

---

## Case No. 13,728.

### TALBOT v. McPHERSON et al.

[2 Cranch, C. C. 281.] [1]

Circuit Court, District of Columbia. Nov. Term, 1821.

LIEN—CONTRACT OF INDEMNITY—RIGHTS OF THIRD PARTIES.

A contract to deliver 300 hides, then in the vat, to the plaintiff, as security to indemnify him for his responsibility for a debt due by the defendants, which has since been satisfied, will not constitute a lien upon the hides, in favor of the plaintiff to indemnify him for his responsibility for another debt of the defendants, for which the plaintiff is liable, where the rights of a third person have intervened.

This was a bill in equity by Elisha Talbot against John McPherson and Daniel McPherson, carrying on the trade of tanning, under the firm of John McPherson & Son, and one Tuley, the foreman of John McPherson & Son. The original bill was filed on the 15th of April, 1819, stating that the plaintiff had purchased of John McPherson & Son 300 hides in the vats, and still remaining there, and that the said J. McPherson & Son had received, for them, a full and valuable consideration; "in other words, have been fairly paid for them;" and he exhibits their bill and receipt, which is in these words: "Elisha Talbot bought of John McPherson & Son, 300 hides sole leather at

[1] [Reported by Hon. William Cranch, Chief Judge.]

eight dollars, in the vats, $2,400. Received payment, John McPherson & Son. Alexandria, 4 mo. 6th, 1819." The bill further states that the plaintiff believes J. McPherson & Son to be insolvent; that he had demanded the hides of the defendant Tuley, who is the foreman of the tan-yard, and has possession of the hides, and refuses to deliver them to the plaintiff; that Tuley has not sufficient property to answer in damages; that the plaintiff fears that the defendants will remove, or sell, or dispose of the hides; and that he has no means of obtaining payment for them, as the defendants are insolvent. On the 10th of November, 1819, the plaintiff filed his supplemental bill, stating that he had obtained sixty-eight of the hides, but that the residue had been sold to one D. Dougherty, who has taken possession of them, but had not paid for them; that he believes the sale was made by one John McPherson, Junior, and that it is a contrivance to evade the injunction which had been granted upon his original bill. Both bills prayed that the hides might be specifically delivered to the plaintiff.

The answer of John McPherson & Son, by Daniel McPherson, avers that neither he, nor the firm of John McPherson & Son ever received any compensation for the hides; but that the bill of sale was given as collateral security to indemnify the plaintiff against a debt due to one Silas Wood on a forthcoming bond, in which this plaintiff was bound as security for this defendant; which debt has been discharged by an execution on this defendant's property, a part of which consisted of the hides in question. John McPherson, Jr., who was made a defendant by the supplemental bill, avers that he was a creditor of John McPherson & Son to the amount of $3,201.68, who in April, 1818, engaged to deliver to him one thousand Spanish hides, manufactured into merchantable sole-leather; that in April, 1819, Daniel McPherson delivered to him whatever hides then remained in the tan-yard in part liquidation of his claim, and that he authorized Tuley to dispose of them as his agent; that on the 24th of July, 1819, this defendant sold them to D. Dougherty for $4,500, and they were delivered to him by Tuley. Daniel Dougherty answered to the same effect. The payment of the debt to Silas Wood, by the sale of the property of Daniel McPherson under the execution against him, was proved by the deposition of the deputy marshal.

There were many depositions taken respecting John McPherson, Junior's, circumstances, and his ability to become the creditor of J. McPherson & Son to the amount of $3,000. The cause, upon final hearing, was argued by Mr. Mason and Mr. Jones, for the plaintiff, and by Mr. Swann and Mr. Wise, for the defendant.

CRANCH, Chief Judge (THRUSTON, Circuit Judge, absent). The questions arising in

this case are: (1)· Has the plaintiff made out· a title to the three hundred hides, for the specific delivery of which he asks a decree? (2) If he has not, has he proved such a contract for the sale and delivery of those hides as constitutes a lien upon them in the hands of Dougherty, who was a purchaser pendente lite? (3) If the plaintiff has made out such a title, or proved such a· contract, can the court decree a specific delivery of the hides?

1. The bill avers that the plaintiff purchased three hundred hides in the vats, but does not aver that he paid for them. - It only avers that John McPherson & Son "had received a full and valuable consideration for them; in other words, had been fairly paid for them." It does not aver that any consideration moved from the plaintiff.

The defendant, Daniel McPherson, denies (in direct repugnance to the allegation of the bill) that he, or any of the firm · of John McPherson & Son, ever received any compensation for the three hundred hides; and avers that the bill of sale (or more properly the bill of parcels) was given to the plaintiff merely to indemnity him against the debt for which he was bound to Silas Wood & Co.; ·which debt he avers has been satisfied out of his own property. This statement of the defendant, so far as it denies the allegation of the bill as to consideration, is evidence conclusive, unless contradicted by two witnesses. The plaintiff has produced none. It is true that Thomas Janney proves that he has a judgment against the plaintiff, as surety for the defendant, John McPherson & Son, for $1,280.25, with interest from the 10th of September, 1816, and that the plaintiff had paid $598.69 in part, and was liable for the balance. But there is no evidence to connect the sale of the hides with that transaction. If the plaintiff had possession of the hides, the court of equity would. not, perhaps, compel him to give them up to the defendants, until they should indemnify him against that judgment; but the plaintiff's liability alone, without possession, and without a specific contract connecting the hides with that liability, will not authorize a court of equity to take them out of the hands of a third person. The allegation of the defendant that the bill of sale was given to indemnify the plaintiff against the claim of Silas Wood & Co. is corroborated by the fact that the marshal, with the consent of the plaintiff, levied that execution on those hides, and sold a part of them to satisfy that claim; and the marshal's deposition proves that the residue of that claim was paid by other property in the tan-yard, or in the currying-shop. ·

There having been no consideration paid by the plaintiff for the hides, and the purpose for which the bill of parcels was given having been answered, there does not appear to be any such title made out by the plaintiff, nor any such contract proved. as will authorize a court of equity to decree a specific delivery of the hides, nor any other relief. It is therefore unnecessary to decide the two other questions. We think the bill must be dismissed. Bill dismissed, with costs.